Daniel C. Barr (#010149)
Randal B. McDonald (#032008)
Benjamin C. Calleros (#034763)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
DBarr@perkinscoie.com
RMcDonald@perkinscoie.com
BCalleros@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiff Ernest DuWayne King*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest DuWayne King,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>    Defendants. | No. CV-16-00259-TUC-RM<br><br>**EXPEDITED MOTION TO AMEND THE SCHEDULING ORDER TO REOPEN DISCOVERY FOR LIMITED PURPOSES**<br><br>**-AND-**<br><br>**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**(Expedited Consideration Requested)**<br><br>**(Oral Argument Requested)**<br><br>(Assigned to Hon. Rosemary Márquez) |

   Plaintiff Ernest DuWayne King, by and through pro bono counsel, respectfully requests that the Court modify the Scheduling Order to reopen discovery for limited purposes: (1) brief depositions of Corizon employees who treated Mr. King[1] and (2) for Mr. King to disclose a medical expert. Mr. King does not seek a complete redo of discovery, but rather only the information necessary for a fair and efficient trial. Under the Scheduling

---

[1] Mr. King is in the process of obtaining a medical expert for trial. Mr. King will seek the expert's advice in selecting which Corizon employees to depose.

145362653.1

Order, all discovery closed on April 14, 2017. [Doc. 19] The deadline for disclosing expert witnesses and their Rule 26(a)(2)(B) reports expired February 24, 2017. [Doc. 19]

Mr. King also moves for leave to file a Second Amended Complaint to clarify and clearly state the facts alleged and the relief requested in his previously handwritten First Amended Complaint introduced before pro bono counsel joined the case.

Mr. King requests expedited consideration of this Motion because the current deadline for the parties' joint pretrial submissions is October 22, 2019. Deciding soon whether Mr. King can conduct additional discovery will avoid wasting resources preparing a joint pretrial submission that may become moot.

## CERTIFICATION OF CONSULTATION

Pursuant to Local Rule of Civil Procedure 7.2(j), Plaintiff's counsel certifies that the parties personally met and conferred on August 16, 2019. The Parties were unable to reach an agreement as to the issues raised in these Motions.

## MEMORANDUM

### A. Introduction

For almost three years, Plaintiff Ernest DuWayne King actively litigated this case by himself, trying to obtain compensation from Defendants Charles Ryan and Corizon Health, Inc. ("Corizon") for deliberate indifference to Mr. King's serious medical needs. Had Mr. King been represented by counsel during the time initially allotted for discovery, counsel almost certainly would have deposed Corizon employees and identified and disclosed a medical expert. But Mr. King is a prisoner without the resources or legal training to adequately pursue his claims. Mr. King should not be prejudiced by his lack of counsel during discovery. Reopening discovery for the limited purpose of fairly presenting the evidence this Court has already determined creates a fact issue warranting trial would further the interests of justice without any undue prejudice.

### B. Background

On June 27, 2016, Plaintiff Ernest DuWayne King filed a pro se First Amended Complaint under 42 U.S.C. § 1983, alleging that Defendants Charles Ryan and Corizon,

Inc. violated his constitutional rights by being deliberately indifferent to Mr. King's serious medical needs [Doc. 7]. Despite facing experienced counsel for Defendants, Mr. King did his best to actively litigate his case from prison and managed to survive summary judgment.

Although he vigorously fought to obtain his medical records, lacking legal training and facing a prisoner's logistical hurdles, Mr. King failed to obtain any records before Defendants filed their Motion for Summary Judgment and did not conduct the necessary discovery that an attorney would have undertaken to adequately present his claims. For instance, Mr. King deposed neither Charles Ryan nor any Corizon employees; indeed, it is not clear that he would have been able to conduct the depositions without ready means to hire a court reporter, reserve meeting room space, prepare exhibits, and question witnesses from prison. Mr. King also did not appreciate the importance of disclosing an expert, who could assist the jury in understanding the procedures and care required to competently treat Mr. King's serious medical condition.

By contrast, Defendants have been represented throughout the case by experienced counsel from an established Phoenix law firm and have had ample opportunity to take depositions, disclose witnesses, and take additional discovery.

On April 29, 2019, after concluding that a trial was needed to resolve Mr. King's claims relating to deliberate indifference to serious medical needs, the Court appointed Perkins Coie as Mr. King's pro bono trial counsel. No final pretrial conference has been set, the Court has not set a trial date, and granting leave to perform the limited discovery needed to prepare for trial will further the interests of justice without causing any undue delay or prejudice.

**C. Argument**

    **1. Good Cause Warrants Reopening Discovery to Promote a Fair Trial**

        **a. Courts Routinely Reopen Discovery when Counsel Takes Over Representation of a Previously Unrepresented Party.**

A pretrial scheduling order may be modified "upon a showing of good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R.

1  Civ. P. 16(b)(4) (providing that the scheduling order "may be modified only for good cause
2  and with the judge's consent"). Courts often find good cause to reopen discovery when new
3  counsel represents a previously unrepresented party in the middle of the case. For example,
4  in *Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *1–2 (N.D.
5  Cal. June 11, 2012), the court reopened discovery on a limited basis because allowing the
6  prisoner plaintiff to depose the defendant's trial witnesses, serve written discovery, and
7  designate a medical expert "serve[d] the interest of justice and the public policy of
8  adjudicating cases on the merits." The plaintiff's attorney "was recently appointed" and
9  "need[ed] adequate time and materials to properly prepare for trial." *Id.* at *1. Although the
10 plaintiff "did not comply with the discovery deadlines," that was "due to his pro se status,
11 mental disability and lack of legal expertise," and it would be unjust to reward the defendant
12 simply because it had the one-sided advantage of counsel. *Id.* at *1.

13 Similarly, the court allowed additional discovery in *Childers v. Slater*, 197 F.R.D.
14 185, 187–90 (D.D.C. 2000). In *Childers*, the newly represented plaintiff sought to depose
15 six witnesses whom she could not depose when she was pro se, because "she lacked both
16 the formal legal training and the necessary financial resources to obtain adequate
17 discovery." *Id.* at 188. Finding that "pro se litigants generally are entitled to wider latitude
18 than those who are represented by counsel," the court rejected defendant's formalistic
19 assertion that discovery should be prohibited simply because plaintiff missed the discovery
20 cutoff—even by 28 months. *Id.* The court also held that the discovery would not impose an
21 undue burden: simply because the discovery would "impose costs upon the defendants"
22 does not mean the discovery is "unduly burdensome," especially where the discovery would
23 have been "well within the parameters of the original discovery order." *Id*.

24 Cases from this District and other courts within the Ninth Circuit are in accord. *See,*
25 *e.g.*, *Morgal v. Williams*, No. CV 12-280-TUC-CKJ, 2015 WL 10791884, at *1–2 (D. Ariz.
26 Dec. 4, 2015) (finding good cause to reopen discovery to allow previously pro se prisoner
27 plaintiff depositions and expert disclosure where his discovery efforts were "limited
28 because of his lack of legal training or guidance"); *Calloway v. Scribner,* No. 1:05-CV-

01284-BAM PC, 2014 WL 1317608, at *1–5 (E.D. Cal. Mar. 27, 2014) (finding good cause to reopen discovery to allow previously pro se prisoner plaintiff to take fact and expert depositions and rejecting argument that plaintiff was not diligent in discovery where his knowledge and ability to take discovery was hampered by his pro se status); *Smith v. Kelly*, No. C11-623-RAJ-JPD, 2012 WL 5248589, at *3–4 (W.D. Wash. Oct. 24, 2012) (reopening discovery for previously pro se plaintiff, who had shown diligence by requesting counsel, filing an amended pleading, and attempting some discovery); *cf. Jones v. Blanas,* 393 F.3d 918, 930 (9th Cir. 2004) (pro se plaintiff should be given extension for discovery if "it is clear that additional relevant evidence remained to be discovered").

### b. Mr. King has Shown Good Cause to Reopen Discovery on a Limited Basis.

"Good cause" to allow the requested additional discovery exists here on the same grounds found in *Woodward* and *Childers*. Until recently, Mr. King has not had counsel and thus had to conduct discovery without legal training or guidance. As a result, without further discovery, Mr. King will have to proceed to trial without depositions of Corizon employees and without a medical expert to explain the medical care required to competently treat Mr. King's serious medical condition.

Further, reopening discovery would help the trial go more smoothly and make the evidence easier to understand. Depositions would clarify and corroborate Mr. King's testimony and potentially help narrow the issues disputed at trial. Additionally, allowing Mr. King to procure a medical expert will assist the jury in understanding what was medically acceptable and unacceptable to treat Mr. King's wounds.

### c. Defendants Will Suffer No Prejudice.

To the extent Defendants contend that they will suffer undue prejudice, such an argument would lack merit. The discovery Mr. King seeks—brief depositions of Corizon employees and disclosure of a medical expert on central issues in the case—almost certainly would have been done long ago if Mr. King had counsel. *See Woodard*, 2012 WL 2119278,

1  at *1 (plaintiff's failure to take discovery was "due to his pro se status"). Although the
2  discovery will carry some monetary cost, Defendants would have incurred that cost anyway
3  had Mr. King been represented during discovery. *See Childers*, 197 F.R.D. at 188
4  (discovery is not "unduly burdensome simply because it would "impose costs upon the
5  defendants").

6  And reopening discovery would not meaningfully delay the action. Mr. King has
7  already waited over three years for justice and is willing to wait a short time more. Again,
8  the discovery Mr. King seeks is limited—briefly deposing witnesses and disclosing a
9  medical expert. Mr. King anticipates that he could complete the limited discovery, retain a
10 testifying expert, and complete all expected additional work within 90 days of an Order
11 reopening discovery.

### 2. The Proposed Amended Complaint Merely Clarifies and Clearly States the Facts at Issue and Adds Attorney's Fees to the Relief Requested.

14 Leave to amend a pleading should be freely given when justice requires. *See* Fed. R.
15 Civ. P. 15(a)(2). The Ninth Circuit has repeatedly held that the rule permitting amendment
16 is "to be applied with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d
17 1048, 1051 (9th Cir. 2003), and has further observed that this "policy is applied even more
18 liberally to pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).
19 "[A]mendments that merely correct technical deficiencies or expand or modify the facts
20 alleged in the earlier pleading meet the Rule 15(c)(1)(B) test." *See, e.g.*, Charles Alan
21 Wright & Arthur R. Miller, *6A Federal Practice and Procedure* § 1497 (3d ed. 2016). This
22 extreme liberality serves the important interest of resolving cases on their merits. *Foman v.*
23 *Davis*, 371 U.S. 178, 182 (1962).

24 Here, the proposed amendments are minor, merely clarifying and clearly stating the
25 facts alleged, and the relief requested, in Mr. King's previously handwritten First Amended
26 Complaint, and adding a claim for attorney's fees. *See* Proposed Second Amended
27 Complaint, attached as Exhibit A.

28

Case 4:16-cv-00259-RM   Document 177   Filed 08/16/19   Page 7 of 9

Under Rule 15(a)(2), amendments should be permitted unless (1) the amendment would unfairly prejudice the non-moving party, (2) the moving party unduly delayed in bringing the amendment, (3) the moving party is making the proposed amendment in bad faith, and (4) the proposed amendment is futile. *See United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990). Defendants will suffer no undue prejudice because this Court has already deemed the facts sufficient to withstand summary judgment, so Defendants will be litigating the same underlying claim. Nor did Plaintiff, who only obtained counsel three months ago, unduly delay in seeking to amend the Complaint.[2] Finally, the amendments are neither futile nor made in bad faith because they will serve only to clarify and narrow the issues in the First Amended Complaint for trial. Accordingly, this Court should permit Mr. King to file a Second Amended Complaint.

**Conclusion**

For the foregoing reasons, Plaintiff Ernest DuWayne King respectfully requests that this Court reopen discovery for the limited purposes of allowing depositions of witnesses and the disclosure of a medical expert. Plaintiff further requests that the Court grant an extension of 90 days to the deadlines set forth in the Scheduling Order to accommodate the additional discovery. Finally, Plaintiff requests leave to amend his First Amended Complaint.

---

[2] In any event, delay alone is not sufficient to support denial of a motion for leave to amend absent a showing of substantial prejudice, bad faith, or futility. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

| | | |
|---|---|---|
| 1 | Dated: August 16, 2019 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: /S/ Randy McDonald |
| 4 | | Daniel C. Barr (#010149)<br>Randal B. McDonald (#032008) |
| 5 | | Benjamin C. Calleros (#034763)<br>BCalleros@perkinscoie.com |
| 6 | | 2901 North Central Avenue, Suite 2000<br>Phoenix, Arizona 85012-2788 |
| 7 | | *Attorneys for Plaintiff Ernest DuWayne King* |

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on August 16, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Joseph Scott Conlon**
Renaud Cook Drury Mesaros PA
1 N Central Ave., Ste. 900
Phoenix, AZ 85004-4417
Email: sconlon@rcdmlaw.com
*Attorneys for Defendants*

By: *Jennifer Gonzalez*
**Perkins Coie, LLP**