Daniel C. Barr (#010149)
Randal B. McDonald (#032008)
Benjamin C. Calleros (#034763)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
DBarr@perkinscoie.com
RMcDonald@perkinscoie.com
BCalleros@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiff Ernest DuWayne King*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest DuWayne King, | No. CV-16-00259-TUC-RM |
| Plaintiff, | |
| v. | **PLAINTIFF'S REPLY IN SUPPORT OF THE EXPEDITED MOTION TO AMEND THE SCHEDULING ORDER TO REOPEN DISCOVERY FOR LIMITED PURPOSES** |
| United States of America, et al., | |
| Defendants. | **-AND-** |
| | **MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| | (Assigned to Hon. Rosemary Márquez) |

Defendants urge the Court to impose restrictions on Plaintiff's ability to conduct discovery that would sacrifice his ability to place the issues squarely before the jury in a fair trial. In so doing, Defendants do not dispute that many courts have permitted discovery to be reopened when pro bono counsel begins representing a previously pro se prisoner defendant. *See* Plaintiff's Motion [Doc. 177] at 4-5 (listing cases). This is for good reason, because reopening discovery makes the trial more efficient, ensures that the case is decided on its merits, and avoids ambush by allowing Plaintiff to test Defendants' witnesses and expert conclusions in advance.

Furthermore, Defendants cite no legal authority, other than Plaintiff's inability to comply with LRCiv. 15.1, that supports their opposition to permitting Plaintiff to file a Second Amended Complaint. Defendants fail to acknowledge that Plaintiff's First Amended Complaint is handwritten, difficult to parse, and does not clearly state the facts currently at issue. Permitting Plaintiff leave to amend his Complaint to clearly state his single cause of action against Defendants would serve both the interests of justice and judicial economy by clearly establishing what claims are and are not before this Court.

## ARGUMENT

### I.    GOOD CAUSE WARRANTS REOPENING DISCOVERY ON A LIMITED BASIS TO PROMOTE A FAIR TRIAL

As discussed in Plaintiff's Motion [Doc. 177], courts routinely reopen discovery when new pro bono counsel is appointed to represent a pro se litigant who lacks the legal training and resources to seek and obtain all necessary discovery. Doing so "serves the interest of justice and the public policy of adjudicating cases on the merits" because a plaintiff may fail to take discovery simply because of a "lack of legal expertise." *Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *1–2 (N.D. Cal. June 11, 2012); *see also* Plaintiff's Motion [Doc. 177] at 4-5 (citing several cases reopening discovery for previously pro se litigants).

Defendants attempt to distinguish only one of the many cases cited by Plaintiff for the proposition that it is proper for a court to reopen discovery where a previously pro se litigant has been appointed pro bono counsel. Defendants' argument is that, since Plaintiff did not seek to take depositions or obtain an expert while he was incarcerated, without a lawyer, and suffering from extreme pain because of Defendants' deliberate indifference to his serious medical needs, he is barred now from seeking depositions or expert testimony now that he has been appointed counsel. This would "prejudice" Defendants, they say, because it would "extend this case several months" and require Defendants to take additional discovery. *See* Defendants' Response [Doc. 182] at 3-4. Furthermore, it would hamper Defendants' ability to dispose of this case cheaply, as they apparently thought they

would be able to when facing a pro se, incarcerated, paraplegic Plaintiff. But having to expend costs normally associated with litigation is not prejudice. *See, e.g., Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (prejudice can be found to exist where a party's actions "impair [the other party's] ability to go to trial or threaten to interfere with the rightful decision of the case."). And the minimal prejudice that Defendants might suffer by delaying trial a few more months is significantly outweighed by the prejudice that Plaintiff would suffer by being unable to conduct discovery at all. *See Janis v. Ashcroft*, 94 F. App'x 564, 566 (9th Cir. 2004) (reversing district court's refusal to extend time for discovery where pro se plaintiff "made a substantial showing why the conditions of his incarceration prevented timely compliance with court deadlines" and extending discovery did not "inconvenience[] the court or the parties" but failure to extend discover "plainly resulted in prejudice" to plaintiff).

Furthermore, as Defendants themselves note, pro bono counsel was appointed for the limited purpose of "*preparation for trial* of the existing claims, settlement negotiations of the existing claims, and trial of the existing claims." Order Appointing Counsel [Doc. 168] at 2 (emphasis added). And while the Order further noted that pro bono counsel's representation "shall not include additional discovery," that limitation was on the duties the Court was ordering pro bono counsel to undertake, not on Plaintiff's ability to obtain additional discovery. [*Id.*] The Court's order likewise stated that pro bono counsel's representation "shall not include any appeal," but that limitation certainly does not mean that Plaintiff would be unable to seek appeal after trial, nor would it forbid appointed counsel from taking on that additional responsibility if they chose. *See* 28 U.S.C. § 1291 ("The courts of appeals. . . *shall* have jurisdiction of appeals from *all* final decisions of the district courts of the United States. . .") (emphasis added).

Finally, as this Court has repeatedly noted, there is a "strong policy favoring decision on the merits." *Mohajerin v. Pinal Cty.*, No. CV-07-1746-PHX-DGC, 2008 WL 73220, at *1 (D. Ariz. Jan. 3, 2008); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). That policy

1    would be undermined if Plaintiff were unable to conduct additional discovery once he

2    obtained the assistance of counsel. And Plaintiff's repeated requests for counsel indicate

3    that he was more than diligent in his pursuit of additional discovery, despite Defendants'

4    claims to the contrary. Plaintiff's inability to obtain pro bono counsel sooner should not

5    now be used to tie appointed counsels' hands now that they have been appointed.

6          In short, Defendants will suffer no prejudice from the additional discovery other than

7    whatever brief delay that discovery requires. Rather, it is Plaintiff who will suffer

8    irreparable prejudice if he is forced to go to trial without being able to conduct discovery

9    on his claims.

10   **II.    THE PROPOSED AMENDED COMPLAINT MERELY CLARIFIES AND**
         **CLEARLY STATES THE FACTS AT ISSUE AND ADDS ATTORNEYS'**
11       **FEES TO REQUESTED RELIEF**

12         Courts freely grant leave to amend a pleading when justice requires, *see* Fed. R. Civ.

13   P. 15(a)(2), and this "policy is applied even more liberally to pro se litigants," *see Eldridge*

14   *v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). Defendants acknowledge that the request

15   for fees is appropriate under 42 U.S.C. § 1983 and so have conceded that such a claim may

16   be added to the Complaint. *See* Defendants' Response [Doc. 182] at 5. But they argue that

17   the additional facts alleged go "above those identified in the initial Complaint." [*Id.*]

18   Although the Second Amended Complaint alleges facts with more specificity than

19   Plaintiff's original handwritten complaint, Defendants will suffer no prejudice because the

20   facts alleged in the Second Amended Complaint were also alleged by Plaintiff in his

21   briefing on the Motion for Summary Judgment. This Court already held that these

22   allegations gave rise to genuine disputes of material fact. The Second Amended Complaint

23   merely sets forth the facts alleged by Plaintiff in his pleading and briefing in a clear, concise

24   manner for ease of the Court and the parties.

25                                  **CONCLUSION**

26         Plaintiff respectfully requests that this Court reopen discovery for the limited

27   purpose of conducting depositions and retaining expert testimony. Plaintiff further requests

28   that this Court grant his request to amend the complaint.

1

2 Dated:  September 6, 2019        **PERKINS COIE LLP**

3

4        By: /S/ Randy McDonald
           Daniel C. Barr (#010149)

5            Randal B. McDonald (#032008)
           Benjamin C. Calleros (#034763)

6            2901 North Central Avenue, Suite 2000
           Phoenix, Arizona 85012-2788

7        *Attorneys for Plaintiff Ernest DuWayne King*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2          ☒          I hereby certify that on September 6, 2019, I electronically transmitted the

3 attached documents to the Clerk's Office using the CM/ECF System for filing and

4 transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6 **Joseph Scott Conlon**
Renaud Cook Drury Mesaros PA

7 1 N Central Ave., Ste. 900
Phoenix, AZ 85004-4417

8 Email: sconlon@rcdmlaw.com

9 *Attorneys for Defendants*

10 *By: /S/ Jennifer Gonzalez*
**Perkins Coie, LLP**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28