**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest DuWayne King, | No. CV-16-00259-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan and Corizon Incorporated, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Amend the Scheduling Order to Reopen Discovery for Limited Purposes and Motion for Leave to File A Second Amended Complaint. (Doc. 177.) Defendants filed a Response opposing the reopening of discovery and the filing of a Second Amended Complaint. (Doc. 182.) Plaintiff replied. (Doc. 183.) For the following reasons, the Motion to Amend the Scheduling Order and Reopen Discovery will be granted.

**I.    Background**

Plaintiff Ernest DuWayne King brought an action against Defendants Corizon and Ryan[1] in 2016, alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him medical care related to a wound on his

---
[1] The original Complaint and First Amended Complaint named additional parties that have since been dismissed. (*See* Docs. 8, 166, 172.)

buttock. (Docs. 1, 7.)[2] Plaintiff alleges that Defendants caused the wound by providing him with too-small pull-ups and subsequently refused to provide him with the necessary medical care to treat the wound. (Doc. 7.) He claims that Defendants' refusal to properly treat the wound caused him years of unnecessary pain and suffering. (*Id.*)

Plaintiff litigated this case pro se through the summary judgment stage, at which point the Court dismissed all Defendants except for Corizon and Ryan. (Doc. 166.) After denying summary judgment as to Defendants Corizon and Ryan, the Court appointed attorney Benjamin Calleros of the law firm Perkins Coie LLP to represent Plaintiff as pro bono counsel. (Doc. 168.) The order appointing Mr. Calleros specifies that his representation of Plaintiff would be limited to "preparation for trial of the existing claims, settlement negotiations of the existing claims, and trial of the existing claims." (Doc. 168.) The order further states that Mr. Calleros's representation would not include any additional discovery. (Doc. 168.)

The pending Motion to Amend the Scheduling Order to Reopen Discovery for Limited Purposes and Motion for Leave to File A Second Amended Complaint was filed on August 16, 2019. (Doc. 177.) The parties participated in a Status Conference before Judge Deborah M. Fine on August 26, 2019, at which guidelines were set for a Settlement Conference set for September 20, 2019. (Doc. 178.) The Settlement Conference was then continued to November 13, 2019 because Plaintiff was unable to be transported due to medical issues. (Doc. 186.) The parties did not reach a settlement at the November 13 Settlement Conference. (Doc. 191.) No trial date has been set. The parties' Joint Proposed Pretrial Order is currently due December 16, 2019. (Doc. 188.)

## II. Motion to Amend

Plaintiff, through pro bono counsel, moves to file a second amended complaint. (Doc. 177.) Plaintiff argues that the proposed amended complaint merely clarifies and re-states the facts at issue. (Doc. 177 at 6–7.) The only new claim in the amended complaint

---

[2] Plaintiff's original Complaint was filed on May 6, 2015. (Doc. 1.) The operative First Amended Complaint was filed on June 27, 2016. (Doc. 7.) The Court appointed pro bono counsel for Plaintiff on April 29, 2019. (Doc. 168.)

- 2 -

1  is for attorneys' fees. (*Id.* at 6.) Plaintiff argues that Defendant will suffer no prejudice
2  from an amended complaint because the underlying claim remains the same. (*Id.* at 7.)

3  Defendants oppose the request to amend. (Doc. 182.) Defendants argue that
4  Plaintiff has not complied with LRCiv. 15.1; that the proposed amended complaint goes
5  beyond mere clarification by identifying new individuals, "tactics," procedures, and
6  claims; that the request to amend is late; and that the operative complaint is sufficient.
7  (*Id.* at 5.) Defendants do not specifically argue that they would be prejudiced by an
8  amended complaint, nor do they cite to any legal authority other than LRCiv. 15.1. (*Id.*)

9  A party may amend its pleading once as a matter of course within the first 21 days
10 after serving it. Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its
11 pleading only with the opposing party's consent or the court's leave. The court should
12 freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The underlying
13 purpose of Rule 15 is to "facilitate [a] decision on the merits rather than on the pleadings
14 or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The rule
15 permitting amendment is "to be applied with extreme liberality." *Eminence Capital, LLC
16 v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Under Rule 15(a)(2), amendments
17 should be permitted unless (1) the amendment would unfairly prejudice the non-moving
18 party; (2) the moving party unduly delayed in bringing the amendment; (3) the moving
19 party is making the proposed amendment in bad faith; or (4) the proposed amendment is
20 futile. *See United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp.
21 of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990). "In the absence of any apparent or declared
22 reason. . . leave [to amend a complaint] should. . . be freely given." *Foman v. Davis*, 371
23 U.S. 178, 182 (1962). "[T]he consideration of prejudice to the opposing party [] carries
24 the greatest weight" of the factors that weigh against granting leave to amend. *Eminence
25 Capital, LLC*, 316 F.3d at 1052; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,
26 186 (9th Cir. 1987).

27 Plaintiff has met the standard under Federal Rule of Civil Procedure 15(a)(2) to
28 amend his complaint. Defendants have not shown, nor does the Court find, unfair

prejudice, undue delay, bad faith, or futility in the proposed amendment. Plaintiff's proposed amendments are limited in scope and Defendants would not be unfairly prejudiced by allowing amendment. The Court recognizes that the deadline for moving to amend pleadings expired years before Plaintiff filed the pending Motion to Amend; however, counsel for Plaintiff filed the instant motion approximately three and one-half months after being appointed. This is not an undue delay, and the Court finds that the appointment of pro bono counsel is sufficient to establish good cause to alter the deadline for amending pleadings. *See* Fed. R. Civ. P. 16(b)(4) (scheduling order may be modified for good cause). Furthermore, under the circumstances of this case, the Court finds that Plaintiff's failure to comply with the bracketing and underlining requirements of LRCiv 15.1(a) is excusable. Plaintiff's Motion to Amend will be granted.

### III. Motion to Reopen Discovery

Plaintiff, through pro bono counsel, additionally moves to reopen discovery. (Doc. 177.) Plaintiff argues that further discovery is warranted because Plaintiff was previously unrepresented and therefore had to conduct discovery without legal expertise. (*Id*. at 5.) Plaintiff has not obtained depositions of prison employees nor hired a medical expert. (*Id*.) Plaintiff argues that further discovery, including depositions and a medical expert, would help trial run more smoothly. (*Id*.) Plaintiff further argues that reopening discovery would not prejudice Defendants. (*Id*. at 5–6.)

Defendants oppose the request to reopen discovery. (Doc. 182.) Defendants argue that reopening discovery would prejudice them because it would shift Defendants' litigation strategy and require them to conduct additional discovery. (*Id*. at 4.) Defendants argue that they would also have to obtain an expert witness and conduct additional depositions, thus adding significantly more time to the discovery period. (*Id*.)

A pretrial scheduling order may be modified "upon a showing of good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4) (providing that the scheduling order "may be modified only for good cause and with the judge's consent"). District courts have broad discretion to manage

discovery pursuant to Rule 16. *Hunt v. Orange Cnty.*, 672 F.3d 606, 616 (9th Cir. 2012). Courts have found good cause to reopen discovery when newly appointed counsel represents a previously unrepresented prisoner plaintiff during a pending case. *See Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *1-2 (N.D. Cal. June 11, 2012) (reopening discovery for newly represented plaintiff to conduct depositions and designate a medical expert); *see also Morgal v. Williams*, No. CV 12-280-TUC-CKJ, 2015 WL 10791884, at *1-2 (D. Ariz. Dec. 4, 2015) (granting Plaintiff's request to reopen discovery following appointment of pro bono counsel, despite prior order limiting representation to existing claims and discovery). In assessing good cause under Rule 16, courts primarily consider "the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Although the existence. . . of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Plaintiff has shown good cause to modify the scheduling order to reopen discovery for the limited purposes of conducting necessary depositions and designating a medical expert. Like the plaintiffs in *Woodard* and *Morgal*, although Plaintiff made efforts to obtain and conduct discovery while he was proceeding pro se, his efforts were limited by his lack of legal training or guidance, his imprisonment, and his lack of funds to hire an expert or to comply with the requirements for conducting depositions. While Defendants will suffer some prejudice as a result of reopening discovery, the focus of the Court's inquiry is on Plaintiff's diligence and his reasons for requesting modification. Granting Plaintiff leave to amend the complaint and to conduct additional, limited discovery will help to streamline trial and facilitate a decision on the merits.[3]

Accordingly,

. . . .

---

[3] The Court's Order appointing pro bono counsel set outer limits on the duties of appointed counsel but was not intended to foreclose a motion to reopen discovery; accordingly, the Court rejects Defendants' suggestion that Plaintiff's pending Motion to Reopen Discovery be treated as a motion for reconsideration of the Order appointing pro bono counsel.

**IT IS ORDERED THAT**:

1. Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 177) is **granted**.[4] Plaintiff shall file his Second Amended Complaint within **seven (7) days** of the date this Order is filed.

2. Plaintiff's Motion to Amend the Scheduling Order to Reopen Discovery for Limited Purposes (Doc. 177) is **granted**.

3. Discovery is reopened as follows:

    a. Plaintiff may conduct depositions of Corizon employees who treated Mr. King no later than **February 21, 2020**.[5]

    b. Each party may designate one additional medical expert witness and engage in discovery and disclosure relating to those experts. Additional medical experts and their Rule 26(a)(2)(B) reports shall be disclosed by **January 10, 2020**. Discovery relating to medical experts, including depositions, shall be completed by **February 21, 2020**.

4. The deadline to file the Joint Proposed Pretrial Order is extended to **March 20, 2020**.

Dated this 19th day of November, 2019.

_____
Honorable Rosemary Márquez
United States District Judge

---

[4] The Clerk of Court is directed to term Document 183, as it is a Reply rather than a Motion.

[5] If Defendants determine that the limited reopening of discovery necessitates their taking additional depositions, they may move for leave to take additional depositions.