**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest DuWayne King,<br><br>        Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>        Defendants. | No. CV-16-00259-TUC-RM<br><br>**ORDER** |

Before the Court are the parties' briefs regarding the date range within which the events giving rise to the claims in this case took place. (Docs. 199, 202.) The Court issued a summary judgment order on March 27, 2019 dismissing all Defendants except Ryan and Corizon and outlining the remaining claims against those Defendants. (Doc. 166.) Subsequently, pro bono counsel was appointed for Plaintiff. (Doc. 168.) The parties, through counsel, jointly contacted the Court via telephone on January 16, 2020 seeking clarification on relevant timelines. (Doc. 197.) The parties dispute the appropriate date ranges for potential liability and potential damages. (Docs. 199, 202.) No motions have been filed but the Court ordered the parties to submit additional briefing on the issues raised to the Court during the January 16, 2020 telephone call. (Doc. 197.) Plaintiff filed a Memorandum Regarding the Scope of Plaintiff's Claim and Relevant Evidence on January 30, 2020. (Doc. 199.) Defendants filed a Memorandum Regarding Date Range of

Events Relevant to Plaintiff's Remaining Claims on February 6, 2020. (Doc. 202.) Discovery is ongoing and set to conclude by March 31, 2020. (Doc. 201.)

## I. Scope of Liability

Plaintiff claims that the time period for evidence relevant to Defendants' potential liability began on or about May 9, 2014, when Defendants allegedly refused to provide Plaintiff with the correct size of adult diapers, thereby causing him to develop the underlying medical condition, a wound on his buttock, which gave rise to this lawsuit. (Doc. 199.) Plaintiff claims that this time period ends on or about June 30, 2019, when Corizon's contract with the Arizona Department of Corrections (ADC) ended. (*Id*.) Plaintiff further claims that the time period for evidence relevant to his potential damages also began on or about May 9, 2014 but continues to the present day. (*Id*.) Plaintiff identifies two issues for the Court to determine: (1) whether the Court's Order partially granting and partially denying summary judgment (Doc. 166) precludes consideration at trial of whether Defendants refused to provide Plaintiff with the correct size of adult diapers, causing the wound on his buttock that is at issue in this case to develop; and (2) the scope and timeline of relevant evidence beyond the termination of Corizon's contract with ADC on June 30, 2019. (*Id*.)

Defendants claim that the proper timeframe relevant to determining liability is approximately January 2015 to March 2017. (Doc. 202.) Defendants contend that this more limited timeframe encompasses all of Plaintiff's claims against Defendants that survived summary judgment. (*Id*.) Specifically, Defendants isolate the claims as to remaining Defendants Ryan and Corizon as follows: (1) As to Defendant Ryan, that Defendant's denial of Plaintiff's grievance appeal amounted to deliberate indifference toward King's serious medical need for a surgical "flap procedure" to treat the wound on his buttock (*see* Doc. 166 at 30-33); (2) As to Defendant Corizon, that Defendant's failure to provide Plaintiff with the surgical "flap procedure" to treat the wound constituted deliberate indifference to a serious medical need (*see id*. at 34-37). In other words, Defendants contend that the timeframe for their potential liability should be

limited to the period within which the "flap procedure" grievance and denials were occurring because those are the only claims that have been litigated thus far. (Doc. 202 at 6.) Defendants contend that Plaintiff's claims are limited to the alleged failure to provide appropriate referrals for specialist medical care to treat existing wounds and do not extend back to the actions that caused Plaintiff to develop the wound in the first place. (*Id*.)

The Court agrees with Defendants on the issue of the scope of the claims that are to be litigated at trial. The parties are directed to refer to the summary judgment order, which defines the issues for trial as follows: (1) as to Defendant Ryan, that "Defendant Ryan, through his policy of delegating his duty of responding to medical grievance appeals, was acquiescent in constitutional violations that may have been committed by his designee arising from his responses to medical grievance appeals" and "whether the denial of King's medical appeal amounts to a deliberate disregard of King's serious medical need" (Doc. 166 at 32-33) and (2) As to Defendant Corizon, whether "Corizon's failure to provide the specialist-recommended surgery for more than two years constituted deliberate indifference to King's serious medical need" (*Id*. at 37).

Plaintiff's claims against Defendant Ryan are limited to Ryan's responses to medical grievance appeals and do not extend to the earlier time when Plaintiff allegedly received the incorrect size of adult diapers. This time frame begins on September 13, 2015, the date that King submitted his first inmate grievance (*Id*. at 24) and ends on March 17, 2017, when Plaintiff received the first flap procedure (*Id*. at 36). Plaintiff's claims against Defendant Corizon are limited to the time during which Plaintiff had been recommended a "flap graft" surgical treatment for the wound but did not receive it. This time frame begins on January 24, 2015 when the surgical flap procedure was first recommended (*Id*. at 35) and ends on March 17, 2017 when Plaintiff received the first flap procedure (*Id*. at 36) and does not extend to the earlier time when Plaintiff allegedly received the incorrect size of adult diapers. While the Court understands that some evidence regarding the adult diaper issue will likely be necessary at trial in order to

provide the jury with background about how events in this case unfolded, that issue cannot be raised for purposes of Defendants' liability at this stage in the litigation.[1]

## II. Scope of Damages

As to the issue of the appropriate time frame for damages, Plaintiff contends that his damages extend to the present day and, presumably, would continue to extend up until the date of trial because his pain and suffering is ongoing. (Doc. 199 at 5.) Plaintiff explains that he has been hospitalized since November 26, 2019, and remained in the hospital as of January 22, 2020, where he has undergone multiple procedures to treat the infected wound. (*Id.*) Defendants contend that damages should be limited by the expiration of Corizon's contract with ADC on June 30, 2019. (Doc. 202 at 7.) Defendants argue that, were the scope of damages to be extended beyond that date, additional discovery would need to be conducted because Defendants do not have any of Plaintiff's medical records after June 30, 2019. (*Id.*)

In civil cases, the plaintiff has the burden of proving damages by a preponderance of the evidence. *Tourgeman v. Collins Fin. Servs., Inc.*, 197 F. Supp. 3d 1222, 1224 (S.D. Cal. 2016). The amount of damages is a matter for the jury to determine at trial. *See Haines v. Get Air LLC*, 2019 WL 4696276, at *3 (D. Ariz. Sept. 26, 2019) (finding bifurcation of liability and damages portions of trial appropriate in order to avoid risk of prejudice); *Riley v. Olk-Long*, 282 F.3d 592, 594 (8th Cir. 2002) (jury awarded damages

---

[1] In light of the instant dispute, the Court has re-reviewed the First Amended Complaint (Doc. 7), Defendants' Motion for Summary Judgment (Doc. 92), Plaintiff's Response to the Motion for Summary Judgment (Doc. 159), and Plaintiff's Second Amended Complaint (SAC) (Doc. 193). In neither his FAC nor his Response to the Motion for Summary Judgment does Plaintiff allege that Defendants Corizon and/or Ryan were responsible for his receiving the wrong size of adult diapers. Plaintiff states repeatedly that he received the wrong size of adult diapers but does not allege that either Corizon or Ryan was responsible. (*See* Doc. 159 at 4-6, Doc. 7 at 8-9.) In his SAC, which was filed with leave of Court after the Court issued its summary judgment order, Plaintiff makes the factual allegations that Defendants provided Plaintiff with the wrong size of adult diapers and that this failure caused the wound on his buttock. (Doc. 193 at 2.) To the extent that Plaintiff seeks to allege that Defendants are responsible for providing him with the wrong size of adult diapers and thus are liable for creating the buttock wound in the first place, the Court finds that this claim cannot be raised against Defendants for the first time at this stage in the litigation. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-94 (9th Cir. 2000) (finding that new theories of liability cannot be raised after the summary judgment stage due to prejudice to defendant.)

for prisoner's sexual assault abuse claim as violation of Eighth Amendment). "Damages are… entirely retrospective. They provide redress for something officials could have done but did not." *Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) "In civil actions generally, absent some express limitation, proof of damages is not restricted to the time before the filing of the complaint, and damages caused by a defendant's liability-producing conduct ordinarily may be proved through the time of trial and judgment." *Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. C14-1987-RSM, 2016 WL 4268934, at *2 (W.D. Wash. Aug. 15, 2016) (citing *Forsythe v. Sun Life Fin., Inc.*, 475 F. Supp. 2d 122, 124 (D. Mass. 2007)).

The Court finds the parties' briefing on the damages issue insufficient to permit the Court to determine the appropriate scope of damages at this time. The scope of damages shall be addressed through appropriate motions prior to trial.

Accordingly,

**IT IS ORDERED** that the scope of Defendant Ryan's potential liability ranges from **September 13, 2015 to March 17, 2017**. The scope of Defendant Corizon's potential liability ranges from **January 24, 2015 to March 17, 2017**.

**IT IS FURTHER ORDERED** that the expert disclosure deadline is re-set for **March 12, 2020**, pursuant to the Court's February 4, 2020 Order (Doc. 201).

Dated this 26th day of February, 2020.

_____
Honorable Rosemary Márquez
United States District Judge