WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest DuWayne King,<br><br>        Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>        Defendants. | No. CV-16-00259-TUC-RM<br><br>**ORDER** |

       Pending before the Court is Plaintiff's Motion to Reconsider the Court's February 27, 2020 Order regarding the scope of Defendants' potential liability in this case. (Doc. 204.) In response to a dispute raised by the parties regarding Defendants' potential scope of liability, the Court ordered briefing and ruled that Defendant Ryan's potential liability ranges from September 13, 2015 to March 17, 2017. (Doc. 203.) It further ruled that Defendant Corizon's potential liability ranges from January 24, 2015 to March 17, 2017. (*Id.*) The Court found that Plaintiff's claims against Defendant Corizon are limited to the time during which Plaintiff had been recommended a "flap graft" surgical procedure but did not receive it. (*Id.*) Based on the record before it, the Court identified the date that the flap graft procedure was first recommended as January 24, 2015. (*Id.*)

       Plaintiff moves the Court to reconsider its finding that the flap graft procedure was first recommended on January 24, 2015. (Doc. 204.) Plaintiff contends that documents in

the record indicate that Plaintiff's doctors recommended surgically closing the wound before this date. (*Id.*) Plaintiff argues that the record shows that Plaintiff's doctors recommended surgical closure of the wound as early as September 8, 2014. (*Id.*) Although the Motion does not explicitly state Plaintiff's requested relief, the Court infers that Plaintiff requests that the Court modify its previous order to reflect the earlier date of September 8, 2014 as the beginning of the date range of potential liability as to Defendant Corizon.[1]

Defendants responded to the Motion to Reconsider. (Doc. 208.) Defendants contend that Plaintiff has inaccurately characterized the medical note cited to support his request to extend Corizon's date range of potential liability back to September 8, 2014. (*Id.*) Defendants argue that the September 8, 2014 note, which concludes with a follow-up plan for "primary closure" of the wound, is not a recommendation for a flap graft surgical procedure. (*Id.*) Rather, Defendants characterize the note as part of the record of the course of treatment that Plaintiff received for the wound, during which medical providers continued to evaluate Plaintiff's condition and adjust their recommendations and treatments accordingly. (*Id.*) Although the note discussed "primary closure" of the wound, there was no specific medical recommendation made for surgical treatment of the wound at that time. (*Id.*) The medical records subsequent to the September 8, 2014 note reveal that Plaintiff was seen by multiple medical specialists in the following weeks and that those visits did not yield a specific recommendation for surgical closure of the wound. (*Id.*) Given the context of the September 8, 2014 note, Defendants argue that the note was not a recommendation for surgical closure of the wound at that time. (*Id.*)

"A Court will ordinarily deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority that could not have been

---

[1] LRCiv 7.3(g) requires a motion for reconsideration to point out "any specific modifications being sought in the Court's order." Plaintiff's motion does not do so. However, as Defendant Ryan's potential liability is limited to his alleged failure to respond to Plaintiff's medical grievances and does not involve an alleged denial of or delay in medical treatment, the Court infers that the Motion to Reconsider applies only to its findings as to Defendant Corizon. (*See* Doc. 203.)

brought to its attention earlier with reasonable diligence." LRCiv. 7.3(g). In the District of Arizona, motions for reconsideration will be granted when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened after the Court's decision;
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

The Court finds that the facts provided by Plaintiff do not provide a basis for reconsidering its prior Order. The September 8, 2014 note does not indicate that Plaintiff's medical provider recommended a surgical procedure to close the wound at that time. Rather, the September 8, 2014 note indicates a plan to follow up, as part of Plaintiff's course of treatment, about closing the wound and continuing Plaintiff's care. The September 8, 2014 note includes no specific recommendation that should have caused Corizon to schedule a surgical procedure, or other medical procedure, to close the wound at that time. Nor does the Court find that that September 8, 2014 note requires or recommends Corizon to take a specific action that it did not thereafter take in order to treat Plaintiff's condition. Therefore, the Court does not find a basis for reconsidering its prior order.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 204) is **denied**.

Dated this 6th day of April, 2020.

_____
Honorable Rosemary Márquez
United States District Judge